*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 23-BG-0303

IN RE CATHERINE R. MACK, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 204149)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(BDN: 22-ND-001; DDN: 2018-D053)

(Decided: May 25, 2023)

Before BECKWITH, EASTERLY, and MCLEESE, *Associate Judges*.

PER CURIAM: This decision is non-precedential.  Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this disciplinary matter, the Hearing Committee recommends approval of a petition for negotiated attorney discipline.  *See* D.C. Bar R. XI, § 12.1(c). Respondent Catherine R. Mack voluntarily acknowledged that she commingled entrusted funds with her own property and failed to maintain complete financial records of entrusted funds.  As a result, respondent admits that she violated D.C. R.

Prof. Conduct 1.15(a). The proposed discipline consists of a public censure, one year of probation with conditions, and the possibility that Disciplinary Counsel may investigate her for "conduct that seriously interferes with the administration of justice," *id.* R. 8.4(d), if she fails to comply with those conditions.

Having reviewed the Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and that "the agreed-upon sanction is 'justified.'" *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (quoting D.C. Bar R. XI, § 12.1(c)(3)); *see, e.g.*, *In re Iwuji*, 223 A.3d 108 (D.C. 2020) (per curiam) (imposing a similar sanction for similar violations). We are satisfied that the dishonored check in question would not support a charge of misappropriation (negligent or otherwise) because it involved an attempted transfer between respondent's IOLTA and her operating account, such that she would have continued to hold the requisite amount of entrusted funds between those two accounts even had the check cleared. *See In re Ekekwe-Kauffman*, 210 A.3d 775, 794 (D.C. 2019) (per curiam) ("[E]ven depositing unearned funds into an operating account, though it violates Rule 1.15's prohibition against commingling, does not alone constitute misappropriation. . . . For misappropriation to occur, the balance in *that* account must fall below the amount the lawyer was required to hold in trust for

the client at that particular time.") (emphasis added); *In re Pels*, 653 A.2d 388, 394-95 (D.C. 1995) (confirming that misappropriation occurs when a check disbursing entrusted funds is dishonored if there is no evidence that the attorney held sufficient funds in another account). Accordingly, it is

ORDERED that respondent Catherine R. Mack is hereby publicly censured and placed on one year of probation with the following conditions:

(i)  respondent will not be the subject of a disciplinary complaint that results in a finding that she violated the disciplinary rules of any jurisdiction in which she is licensed to practice during the probationary period;

(ii)  respondent will, not later than 30 days after the issuance of this opinion, notify Disciplinary Counsel in writing of all jurisdictions in which she is or has been licensed to practice;

(iii)  respondent will notify Disciplinary Counsel promptly of any ethics complaint against her and its disposition;

(iv)  respondent will take the new admittees continuing legal education (CLE) course not later than 30 days after the issuance of this opinion and will provide Disciplinary Counsel with proof of attendance at the CLE within 30 days; and

(v)    respondent will, not later than 30 days after the issuance of this opinion, consult with Dan Mills, Esquire, and the D.C. Bar's Practice Management Advisory Service to conduct a review of her practices surrounding how to handle—and document processing of—entrusted funds, and she will waive confidentiality regarding all aspects of that review.

If respondent fails to satisfy any of these conditions, Disciplinary Counsel may revoke her probation and docket an investigation into whether she has seriously interfered with the administration of justice in violation of D.C. R. Prof. Conduct 8.4(d).

*So ordered.*